United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Solomon Roberts, Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 17-20292-Civ-Scola |
| Miami-Dade State Attorney's Office ) | |
| and others, Defendants. ) | |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. The Complaint asserts a claim under 42 U.S.C. § 1983. (Compl., ECF No. 1.) On March 3, 2017, Judge White issued a report, recommending that, upon initial screening in accordance with 28 U.S.C. § 1915, the Court dismiss the Complaint without leave to amend. (Report of Magistrate, ECF No. 18.) The Plaintiff has filed objections to the report. (Pl's Objections, ECF No 19.)

The Court has considered Judge White's report, the Petitioner's objections, the record, and the relevant legal authorities. The Court finds Judge White's report and recommendation cogent and compelling. The Plaintiff's objections primarily address the substantive allegations set forth in the Complaint, rather than Judge White's conclusion that the Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not accrue until that invalidity is proven.

The Plaintiff also asserts that Judge White's conclusion that Assistant State Attorneys Komeily and Snyder are absolutely immune from § 1983 suits relating to activities that are intimately associated with the judicial phase of the criminal process is "dead wrong." (Pl's Objections at 8, ECF No 19.) In support of this assertion, the Plaintiff cites to cases that he argues hold that government officials are entitled to qualified immunity when they perform discretionary functions. (*Id.* at 7.) However, the cases to which the Plaintiff cites involved advisers to the President of the United States, members of a Secret Service protective detail, and an FBI agent. *See Reichle v. Howards*, 132 S. Ct. 2088, 2091 (2012); *Anderson v. Creighton*, 483 U.S. 635, 637 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 802 (1982). These cases are inapplicable to

this matter, which involves allegations of misconduct by two Assistant State Attorneys during the course of a judicial proceeding. (Compl. ¶ 10, ECF No. 1.) Since the Plaintiff's allegations concern conduct by prosecutors during the course of a judicial proceeding, they are entitled to absolute immunity. *See, e.g.*, *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (noting that the Eleventh Circuit has "emphasized that '[a] prosecutor enjoys absolute immunity from allegation stemming from the prosecutor's function as advocate.'") (citations omitted).

In addition to the objections, the Plaintiff filed a motion for leave to submit additional authority (ECF No. 20). The motion requests a hearing on the merits of the Complaint. (*Id.* at 2.) However, since the Complaint is barred by *Heck v. Humphrey* and because the Assistant State Attorneys named in the Complaint are absolutely immune from suit, the Court **denies** the Plaintiff's motion (ECF No. 20).

Accordingly, the Court **affirms and adopts** Judge White's report and recommendation (ECF No. 18). The Court **dismisses** the Complaint with prejudice (ECF No. 1) and directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on April 13, 2017.

_____
Robert N. Scola, Jr.
United States District Judge